IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WIDMER, #B-30985,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-00859-NJR |
| | ) |
| **KIMBERLY BUTLER, WATSON,** | ) |
| **J. LASHBROOK, B. WESTFALL,** | ) |
| **C. BEST, R. PELKER, MAYER,** | ) |
| **OFFICER LINDENBERG, M. NEW,** | ) |
| **J. CLENDENEN, T. KNUST,** | ) |
| **T. MEZO and S. DILLMAN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for review of Plaintiff Michael Widmer's motion for leave to proceed *in forma pauperis* ("IFP Motion") (Doc. 3) and his complaint (Doc. 1). Plaintiff has accumulated at least three "strikes" by filing lawsuits that were dismissed for failure to state a claim upon which relief may be granted or for raising frivolous claims.[1] Under the circumstances, he may not proceed *in forma pauperis* in a new civil action unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

The pleadings suggest that Plaintiff faces imminent danger of serious physical harm as a result of Defendants Pelker, Mezo, and Lindenberg's conduct. For this reason, the pending IFP Motion shall be granted, and he shall be allowed to proceed with his Eighth Amendment (Count 1) and retaliation (Count 2), and conspiracy (Count 3) claims against these Defendants.

---

[1] *Widmer v. Slover*, Case No. 99-cv-721-GPM (S.D. Ill., dismissed as frivolous on December 7, 1999); *Widmer v. Lawless*, Case No. 13-cv-1245-MJR (S.D. Ill., dismissed as frivolous on March 3, 2014); and *Widmer v. Bramlet*, Case No. 14-cv-88-MJR (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted on March 26, 2014).

The warden, Defendant Butler, shall remain in this action in her official capacity, based only Plaintiff's request for injunctive relief. However, all other claims shall be severed from this action, resulting in the termination of all remaining defendants from this case.

**Merits Review Under 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual

allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff, who is currently incarcerated at Menard Correctional Center ("Menard"), filed this lawsuit pursuant to 42 U.S.C. § 1983 (Doc. 1). He sues thirteen Menard officials for constitutional deprivations[2] that allegedly occurred in 2013-14. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief (Doc. 1, p. 11).

In the complaint, Plaintiff claims that three Menard officials, including Defendants Pelker, Mezo, and Lindenberg, threatened him with physical harm and deprived him of prescription medication in 2014 (Doc. 1, pp. 7-10). On July 23, 2014, Plaintiff was transferred to a new cell (Doc. 1, p. 8). There, Defendant Pelker approached Plaintiff and said, "[Y]ou are going to die in here mother fu\*\*er" (Doc. 1, p. 8). While saying this, Defendant Pelker ran a finger across his own throat. Defendant Lindenberg then ordered Plaintiff to "cuff up" and removed him from the cell, while Defendant Pelker and other officers confiscated Plaintiff's property. When Plaintiff told Defendant Lindenberg that he needed his medication for asthma and high blood pressure, Defendant Lindenberg stated, "[Y]ou['re] not getting anything" (Doc. 1, p. 8).

Also on July 23, 2014, Defendant Mezo entered Plaintiff's cell. As he opened the door, Defendant Mezo stated, "[G]o to the back of the cell before I beat your ass" (Doc. 1, p. 8). Defendant Mezo then told another officer that Plaintiff "is the bit\*\* who sued [him]" (Doc. 1,

---

[2] The complaint frequently mentions claims that have been raised in other lawsuits and, for that reason, are not addressed herein. *See, e.g., Widmer v. Bramlet*, Case No. 14-cv-88 (S.D. Ill., dismissed for failure to state a claim upon which relief can be granted on March 26, 2014) (addressing Plaintiff's denial of access to the courts by prison's assistant paralegal); *see also Widmer v. Butler, et al.*, Case No. 14-cv-630-JPG (S.D. Ill., filed June 3, 2014) (addressing Plaintiff's placement in a cell with a violent cellmate); *Widmer v. Kilpatrick*, Case No. 13-cv-1154-NJR (S.D. Ill., filed November 6, 2013) (addressing Plaintiff's assault by another inmate) (Doc. 1, pp. 7, 9).

p. 8). The following day, Plaintiff asked Defendant Mezo for his asthma and blood pressure medications (Doc. 1, p. 10). Defendant Mezo stated, "I told you yesterday, you piece of sh*t, you don't (sic) have anything coming, so don't (sic) ask" (Doc. 1, p. 10). When Plaintiff asked Defendant Mezo if he could speak with a mental health professional, Defendant Mezo denied his request. Plaintiff now sues Defendants Pelker, Mezo, and Lindenberg, for failing to protect him and for denying him access to his prescription medications. He also asserts conspiracy and retaliation claims against these defendants.

Plaintiff sues ten other Menard officials for conspiring to deprive him of access to the courts and for interfering with his mail, in retaliation for filing lawsuits against prison officials (Doc. 1, pp. 4-7). The complaint chronicles incidents of mail interference, both personal and legal, that date back to 2013 (Doc. 1, p. 4). Plaintiff also alleges that he has been unable to prosecute any of his twelve pending lawsuits in federal court since June 5, 2014, because he has been deprived of electronically filed orders since that date (Doc. 1, pp. 6, 9). In addition, he claims that these defendants have made retaliatory comments to him.[3] Defendants Butler, Watson, Lashbrook, Westfall, Best, Mayer, New, Clendenen, Knust, and Dillman are named in connection with Plaintiff's claims of conspiracy, mail interference, denial of access to the courts, and retaliation.

## Discussion

Plaintiff shall be allowed to proceed with his Eighth Amendment claim (**Count 1**) against Defendants Pelker, Lindenberg, and Mezo for exhibiting deliberate indifference to his serious

---

[3] For example, the complaint alleges that Defendant Knust told Plaintiff that he "'screwed himself' by suing the mailroom supervisor," and Defendant Knust could do nothing to prove that the supervisor was disposing of Plaintiff's mail (Doc. 1, p. 5). The complaint further alleges that while escorting Plaintiff to a new cell, Defendant Westfall allegedly told Plaintiff that he had "really pi**ed him off by suing him" (Doc. 1, p. 7). The complaint also alleges that Defendant Mayer stated, "[Y]ou keep up filing paperwork, you piece of sh*t, the courts don't (sic) give a f**k what we do to convicts" (Doc. 1, p. 8).

medical needs and for failing to protect him from harm. Plaintiff shall also be allowed to proceed with a retaliation claim (**Count 2**) and a civil conspiracy claim (**Count 3**) against these same defendants. Because the complaint seeks injunctive relief, Defendant Butler shall remain in this action, based only on this request for relief. However, all other claims against all remaining defendants shall be severed from this action, for the reasons set forth below.

### Count 1

Typically, threats of mistreatment are not compensable under the Eighth Amendment. *See Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996). This is because, standing alone, "simple verbal harassment does not constitute cruel and unusual punishment. . . ." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *Antoine v. Uchtman*, 275 Fed. App'x 539, 541 (7th Cir. 2008) (racist and threatening statements by state prison guards do not violate a prisoner's constitutional rights, because "the Constitution does not compel guards to address prisoners in a civil tone using polite language"); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (derogatory remarks do not constitute constitutional violations); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (8th Cir. 1987) (prison official's use of vulgar language did not violate inmate's civil rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (verbal threats by correctional officer do not amount to a constitutional violation).

With that said, the Court is required to consider each case based on its own facts, and threats of violence may provide evidence of a defendant's deliberate indifference. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

In the case presented, Plaintiff's Eighth Amendment claim hinges on more than mere threats of harm. The allegations of threats are coupled with allegations that Plaintiff has been denied access to his medication for asthma and high blood pressure. Relevant to Count 1, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, "[t]he plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Court now finds that the complaint satisfies the minimal pleading standards for an Eighth Amendment medical needs claims under this standard. While refusing to give Plaintiff his asthma and blood pressure medication, these defendants also threatened him with physical harm and even death. Defendant Pelker allegedly stated, "[Y]ou are going to die in here mother fu\*\*er" on the same day Defendant Lindenberg allegedly denied Plaintiff access to his medications in the presence of Defendant Pelker (Doc. 1, pp. 8, 10). Defendant Mezo threatened to "beat [Plaintiff's] ass," and then denied Plaintiff access to his medication and a medical provider twice (Doc. 1, p. 8). These allegations suggest that Defendant Pelker, Lindenberg, and Mezo acted with deliberate indifference toward Plaintiff's medical needs, health, and safety. Further, these allegations support a finding of imminent danger, for purposes of Plaintiff's request to proceed in this action IFP. Under these circumstances, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Pelker, Lindenberg, and Mezo at this time.

**Count 2**

Plaintiff shall also be allowed to proceed with a retaliation claim (**Count 2**) against Defendants Pelker, Lindenberg, and Mezo. In the prison context, where an inmate alleges retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff must engage in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experience an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The inmate need not plead facts to establish the claim beyond a reasonable doubt, but need only provide the bare essentials of the claim; in a claim for retaliation, the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439. Plaintiff has satisfied this pleading standard with respect to Defendants Pelker, Lindenberg, and Mezo at this early stage, by alleging that these defendants denied him access to medical care and threatened him with bodily harm because he sued one or more of them. Accordingly, Plaintiff shall be allowed to proceed with **Count 2** against Defendants Pelker, Lindenberg, and Mezo at this time.

**Count 3**

The complaint states a conspiracy claim **(Count 3)** against these same defendants. Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough in pleading conspiracy merely to indicate the parties, general purpose, and approximate date. . . ."

*Walker v Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). The complaint meets these basic pleading requirements with respect to Defendants Pelker, Lindenberg, and Mezo. Accordingly, Plaintiff shall be allowed to proceed with **Count 3** against them at this time.

**Severance**

All remaining claims against all remaining defendants shall be severed from this action. This includes Plaintiff's claims against Defendants Butler,[4] Watson, Lashbrook, Westfall, Best, Mayer, New, Clendenen, Knust, and Dillman for conspiracy (**Count 4**), retaliation (**Count 5**), mail interference (**Count 6**), and denial of access to the courts (**Count 7**). In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).

The Court finds that Plaintiff's complaint includes two distinct sets of claims against two distinct groups of defendants, *i.e.*, those defendants who deprived him of necessary medical care and those defendants who deprived him of access to the courts and mail.

The Court further notes that only the first set of claims (Counts 1-3) suggest that Plaintiff faces any sort of imminent danger of serious physical injury, such that Plaintiff can proceed IFP on those claims as a "three-striker" in this action. The other set of claims (Counts 4-7), against a distinct group of ten defendants, gives rise to no such inference and warrants the denial of IFP in the severed case.

---

[4] Defendant Butler shall remain in this action based solely on Plaintiff's request for injunctive relief.

Finally, the Court finds that the retaliation and conspiracy claims, which Plaintiff generally asserts against all defendants, do not dictate a different outcome. This is because the retaliation (Counts 2 and 5) and conspiracy claims (Count 3 and 4) derive from separate underlying facts. Put differently, Counts 2 and 3 derive from the facts giving rise to Plaintiff's Eighth Amendment claim against Defendants Pelker, Lindenberg, and Mezo, *i.e.*, Count 1. Counts 4 and 5 derive from the mail interference and access to courts claims against Defendants Butler, Watson, Lashbrook, Westfall, Best, Mayer, New, Clendenen, Knust, and Dillman, *i.e.*, Counts 6 and 7. There is no plausible link between the claims, such as the suggestion that all thirteen defendants formed an agreement to deprive Plaintiff of his constitutional rights. Neither the conspiracy nor the retaliation claim in this action forms a plausible connection with the conspiracy and retaliation claims in the severed case, thereby offering Plaintiff a way around the "three strikes" rule. The complaint fails to suggest a common agreement between all thirteen defendants.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, Plaintiff shall be allowed to proceed with Counts 1, 2, and 3 in this action against Defendants Pelker, Lindenberg, and Mezo. Counts 4, 5, 6, and 7 against Defendants Butler, Watson, Lashbrook, Westfall, Best, Mayer, New, Clendenen, Knust, and Dillman shall be severed into a separate case.

Moreover, because Plaintiff has not demonstrated that he faces any imminent danger of serious physical harm as to Counts 4-7, he shall not be allowed to proceed IFP in the severed action. Accordingly, he must pay the full filing fee of $400.00, should he wish to proceed with the severed claims. If he does not wish to proceed with that action, Plaintiff shall have an

opportunity to voluntarily dismiss the newly severed case, and avoid incurring the additional filing fee for it, according to the instructions set forth in the disposition.

**Motion for Injunctive Relief (Doc. 2)**

Plaintiff has filed a motion for injunctive relief, which addresses multiple claims against thirteen defendants. Plaintiff does not request a temporary restraining order or a preliminary injunction with regard to any of the claims. The motion is hereby **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision on Plaintiff's request for injunctive relief, *but only* as it pertains to the conduct of Defendants Pelker, Mezo, and Lindenberg. Defendant Butler shall remain in this action, in her official capacity, based solely on this request for relief. Should he seek injunctive relief in the severed action, Plaintiff must file a separate motion in that case.

**IFP Motion (Doc. 3)**

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which, for the reasons previously discussed, is hereby **GRANTED** in this action. The Court shall issue a separate Order addressing Plaintiff's initial partial filing fee in this action.

The IFP Motion is **DENIED** in the severed action, involving Counts 4, 5, 6, and 7, because Plaintiff has not demonstrated that he faces any imminent danger of serious physical injury.

**Motion for Recruitment of Counsel (Doc. 4)**

Plaintiff has filed a motion for recruitment of counsel, which is also **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

**Disposition**

   **IT IS HEREBY ORDERED** that Plaintiff's **COUNT 4, COUNT 5, COUNT 6,** and **COUNT 7,** which are unrelated to Counts 1, 2, and 3, are **SEVERED** into a new case. The new case presents the following claims, which are subject to preliminary review under 28 U.S.C. § 1915A, once Plaintiff pays his full filing fee of $400.00 for the severed action:

> **Defendants Butler, Watson, Lashbrook, Westfall, Best, Mayer, New, Clendenen, Knust, and Dillman conspired to retaliate against Plaintiff by interfering with his mail and denying him access to the courts.**

   The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

     (1)  This Memorandum and Order;

     (2)  The Original Complaint (Doc. 1);

     (3)  Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3) (which is denied in the severed case);

     (4)  Plaintiff's Motion for Recruitment of Counsel (Doc. 4);

  Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing on or before **September 5, 2014**. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, **he will be responsible for an additional $400.00 filing fee** in the new case. Service shall not be ordered on Defendants in that case until after the deadline for Plaintiff's response. Plaintiff should also be aware that filing an amended complaint in the new case will not relieve him of his obligation to pay the full $400.00 filing fee for that action.

   **IT IS FURTHER ORDERED** that the **only claims remaining in this action are COUNTS 1, 2, and 3 against Defendants Pelker, Lindenberg, Mezo, and Butler (in her**

**official capacity)**, for conspiring to deprive Plaintiff of his access to his prescription medications in violation of the Eighth Amendment.  This case shall now be captioned as: **Michael Widmer, Plaintiff vs. R. Pelker, Officer Lindenberg, T. Mezo, and Kimberly Butler, Defendants.**

**IT IS ALSO ORDERED** that Defendants **BUTLER (in her individual capacity), WATSON, LASHBROOK, WESTFALL, BEST, MAYER, NEW, CLENDENEN, KNUST,** and **DILLMAN** are **TERMINATED** from *this* action with prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **PELKER, LINDENBERG, MEZO,** and **BUTLER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for injunctive relief (Doc. 2) and motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted in this action. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 5, 2014**

*Digitally signed by Nancy J Rosenstengel*
*Date: 2014.08.05 14:40:48 -05'00'*

**NANCY J. ROSENSTENGEL**
**United State District Judge**