IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WIDMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-788-NJR-DGW |
| | ) | |
| MARC HODGE, CHAD JENNINGS, | ) | |
| GREGG BROOKS, and | ) | |
| JEFF STRUBHART, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-1131-NJR-DGW |
| | ) | |
| J KEMPFER, C/O DAVIS, C/O | ) | |
| LINDBERG, and SHURTZ | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-1246-NJR-DGW |
| | ) | |
| J WIDMER, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-859-NJR-DGW |
| | ) | |
| KIMBERLY BUTLER, R PELKER, | ) | |
| OFFICER LINDENBERG, and T MEZO | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Currently before the Court are four Reports and Recommendations of United States Magistrate Judge Donald G. Wilkerson recommending the dismissal of Plaintiff

Michael Widmer's four civil rights cases that are pending in front of the undersigned: 13-cv-788, 13-cv-1131, 13-cv-1246, 14-cv-1859.

At the time Widmer filed each of his civil rights cases, he was an inmate in the custody of the Illinois Department of Corrections. On or around December 3, 2014, Widmer filed a motion in three of the four cases asking for a temporary stay pending a status hearing.[1] He indicated that all of his documents had been seized, and he was unable to effectively communicate with defense counsel. He asked the Court to set a status hearing prior to December 26, 2014, which is when he was set to be released from the IDOC.

Magistrate Judge Wilkerson granted Widmer's requests to stay his cases, but was unable to accommodate his request for hearing before December 26 on such short notice. Instead, Magistrate Judge Wilkerson set each of the four cases for an in-person status conference on February 18, 2015.[2] The Orders warned Widmer that his failure to attend the status conference would result in a recommendation that the matters be dismissed for failure to prosecute. The Orders were entered on December 11, 2014, while Widmer was still incarcerated at Menard Correctional Center.

Widmer was released from custody in December 2014. He filed a notice of change of address with the Court on January 14, 2015, indicating that he had moved to

---

[1] 13-cv-788—Widmer did not file a motion to stay in this case.
13-cv-1131 at Doc. 83
13-cv-1246 at Doc. 27
14-cv-1859 at Doc. 26
[2] 13-cv-788 at Doc. 66
13-cv-1131 at Doc. 84
13-cv-1246 at Doc. 28
14-cv-1859 at Doc. 27

Bloomington, Illinois.[3] He did not inquire as to whether there had been any recent activity in any of his cases, nor did he inform the Court that he had not received any documents. About a week later, the Clerk of Court mailed an order in case 14-cv-859 to Widmer at his new address (14-cv-859, Doc. 30). That order, in part, gave Widmer notice for a second time that a status hearing was set for February 18, 2015.[4]

Widmer failed to appear at the hearing on February 18, and he did not submit anything in any of his four cases explaining his failure.[5] On March 6, 2015, Magistrate Judge Wilkerson entered the four Reports and Recommendations and recommended that each case be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.[6] Each Report and Recommendation was mailed to Widmer at the address in Bloomington, Illinois. Objections to the Reports and Recommendations were due on March 23, 3015. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). But Widmer did not file an objection by the deadline.

---

[3] 13-cv-788 at Doc. 67
13-cv-1131 at Doc. 85
13-cv-1246 at Doc. 29
14-cv-1859 at Doc. 28

[4] The order read:
ORDER GRANTING 29 MOTION for Extension of Time to File *Motion for Summary Judgment on Issue of Exhaustion* filed by T Mezo, R Pelker, Lindenberg, Kimberly Butler. Dispositive Motions re Exhaustion of Administrative Remedies due by **February 18, 2015**. Pavey Evidentiary Hearing set for February 18, 2015 is hereby CANCELLED and will be RESET, if necessary, at the Status Conference to be held February 18, 2015. Signed by Magistrate Judge Donald G. Wilkerson on 1/23/2015. (nms) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/23/2015).

[5] On February 23, 2015, Widmer apparently informed someone in the Clerk of Court's office that he did not know about the hearing because he did not receive documents from the Court while he was incarcerated at the Menard Correctional Center. But as explained above, he also received notice of the hearing at his address in Bloomington.

[6] 13-cv-788 at Doc. 70
13-cv-1131 at Doc. 88
13-cv-1246 at Doc. 32
14-cv-1859 at Doc. 33

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed each of Magistrate Judge Wilkerson's Reports and Recommendations and agrees with his conclusion that Widmer's cases should be dismissed for failure to prosecute. Widmer took no initiative to inform the Court why he missed status conference. He also failed to respond to written discovery in case 13-1131, and he failed to appear for his deposition for a second time in case 13-cv-788. After the Court informed him that his cases would be dismissed for failure to prosecute, he did not object within the allotted timeframe. Simply put, Widmer has not given the Court any indication that he is still interested in pursuing his cases. Neither Magistrate Judge Wilkerson nor the undersigned has heard from him in over three months.

Accordingly, the Court finds that Widmer has failed to comply with its orders and failed to prosecute this matter. Each of Magistrate Judge Wilkerson's four Reports and Recommendations are **ADOPTED** (13-cv-788 at Doc. 70; 13-cv-1131 at Doc. 88;

13-cv-1246 at Doc. 32; 14-cv-1859 at Doc. 33). Widmer's cases pending in front of the undersigned—13-cv-788, 13-cv-1131, 13-cv-1246, and 14-cv-859—are **DISMISSED with prejudice**. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The Clerk of Court shall enter judgment in each case.

**IT IS SO ORDERED.**

DATED:   April 23, 2015

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
